Pei’ curiam
'The goods are hound from the teste of (he writ of execution, but that rule will not apply to the present case — John acted as the agent of his brother, who having approved of what he did, ratified the transaction ab initio — so that the property of the latter horse passed to George Cox, and not to John, if the- first horse really Was George's — as to that the court differed.
Judge Wimams. — The circumstances do not amount to proof of fraud — the possession which John lead after the purchase by his brother, is not to be taken into consideration, the brother having a right to indulge him with the rue of his property as he thought proper. As to the possession lie had after the seizure by the constable, and before the sale, that was by the consent of the constable, who was answerable if the property was not after-wards forthcoming, it is the usual practice, with officers in this country, who seldom remove the property before the day of sale, unless where they suspect the Defendant will remove out of the way. As to the possession lie had after the purchase by Collins's agent, that was without the privity of Collins — no part of his possession appears to have been continued by the consent of the creditor, and in that particular differs widely from the possession mentioned in Twigne’s case, and the other subsequent cases grounded upon it.
Judge Haywood. — All the circumstances subsequent' to the sale, are to be taken into consideration as explanatory of the real state of the precedent transactions — the possession of John alw ays continued — George gave nothing for the horse, though a valuable consideration was pretended and held up. The debtor having used the horse *495 as bis own, and disposed of him, are visible marks of fraud. The jury (bund for tiie Plain!iff.
Note. — Upon the question of fraud, see Hodges v. Blount, and the note thereto, ante 414.